CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 1 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| MATHEW MORRIS, | ) | Civil Action No. 7:10-cv-00037 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Mathew Morris, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names the Bureau of Prisons and Physician Assistant Bartee of the United States Penitentiary in Lee County, Virginia ("USP Lee") as the defendants. Plaintiff alleges that Bartee did not give him prescription skin cream while plaintiff was in segregation, resulting in itchy skin, difficulty sleeping, and shame. Plaintiff is currently incarcerated in Brooklyn, New York.

The civil action filing fee is $350, and payment is due upon filing a civil action. See 28 U.S.C. § 1914(a). Incarcerated pro se plaintiffs may also request leave to proceed in forma pauperis by providing the court with financial documents and an affidavit of assets that demonstrate plaintiff's poverty. An incarcerated pro se plaintiff who is granted in forma pauperis status is still responsible for paying the $350 filing fee but may pay the fee via installments from his prison trust account.

Plaintiff did not pay the $350 filing fee upon filing the complaint. Plaintiff included with his complaint a document titled "Authorization - Prisoner's Civil Action Filing Fee, Western District of New York." By signing this document, plaintiff authorized his correctional facility to send his financial data to the Clerk of the United States District Court for the Western District of

New York and recognizes that he is responsible for paying the $350 filing fee via installments. The authorization also provided that funds could be sent "to any other district court to which my case may be transferred and by which my poor person application may be decided." (Compl. 10.) However, plaintiff noted in his own handwriting below his signature that he is "not requesting in forma pauperis status" and his case was filed in this district, not transferred from the Western District of New York. (Id.) Therefore, the authorization does not apply to this case because plaintiff did not submit a poor person application and his complaint was not transferred to this district. In light of plaintiff's explicit declaration that he does not motion the court for leave to proceed in forma pauperis, plaintiff is required to pay the $350 filing at the time of filing his complaint. Plaintiff did not pay the filing fee, and his complaint is subject to dismissal without prejudice. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in foma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis). A separate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ___ day of February, 2010.

_____
Senior United States District Judge